CARROLL, DONALD K., Judge.
The appellant has filed this interlocutory appeal from an order of the Circuit Court for Marion County denying its motion for an order requiring the production of a document in certain supplementary proceedings.
The appellant, plaintiff below, had secured a final summary judgment awarding damages of $6,031.27 from the defendant-appellee. The plaintiff obtained a writ of execution as to the judgment, which writ was returned “unsatisfied” by the Sheriff of Marion County. The plaintiff then instituted proceedings supplementary pursuant to the provisions of Chapter 55, Florida Statutes, 1957, F.S.A.
During the course of these proceedings supplementary, by order of the court the defendant’s testimony was taken, in which he testified that, in addition to his business as a real estate broker, he was a partner in the Bell Rock Cattle Company, the other partners being his wife and one Grant Campbell and Campbell’s wife; that this partnership had an interest in certain real estate, the records indicating that the land was owned by him and his wife; that it had been purchased with partnership funds, so that morally he had an obligation to the said Campbell as a partner in the real estate. At this point the plaintiff’s attorney asked the defendant if he would in the future furnish to the said attorney a copy of the partnership agreement of the partners of the Bell Rock Cattle Company. The defendant then consulted with his attorney, who announced merely that “he states that he has none *606 with him.” Under the circumstances shown in the record, we construe this to be a refusal by the defendant to furnish the plaintiff with a copy of the agreement.
The plaintiff then moved the court for an order requiring the defendant to produce, and permit the plaintiff to “inspect and copy or photograph, a true copy of the partnership agreement. * * * ”
Upon the hearing on this motion the Circuit Court entered an order denying it and finding that the document “will 'not tend directly or indirectly to aid in the satisfaction of the execution heretofore issued in this cause * * *.” This is the ■order before us on this interlocutory appeal.
This was a matter for the exercise of the judicial discretion of the trial court, and the only question for us to determine is whether that discretion was abused.
Sections 55.54 and 55.60, Florida Statutes 1957, F.S.A., provide:
“55.5"4 — Proceedings supplementary, examination of defendant, witnesses, etc. — The examination’ provided for shall be comprehensive and shall cover any and all matters and things pertaining to the business and financial interests of the defendant which might tend to show what property the defendant has, his rights in same, and the location of same. Any and all testimony may be admissible which may tend directly or indirectly to aid in the satisfaction of any execution in whole or in part. Each answer of the party or witness must be under oath. A corporation must attend by and answer under oath of an officer thereof, and the judge may, in his discretion, specify the officer. Either party may be examined as a witness in his own behalf and may produce and examine other witnesses as upon the trial of an action.”
“55.60 — Proceedings supplementary; power of judge. — Any judge having any proceeding provided for herein before him, may make any such orders as within his discretion may seem meet in regard to carrying out the full intent and purpose of these provisions to subject any property or property rights of any defendant to the satisfaction of any execution against him.”
The propriety of an order on a motion to require a defendant to produce a document in proceedings supplementary would seem to be determined by whether the evidence afforded by the document meets the standards laid down in Section 55.54 as to the scope of the examination of the defendant. Sections 55.54 and 55.60, quoted above, are to be read “in pari ma-teria”, especially since a motion to produce is essentially an evidentiary procedure in proceedings supplementary, and its scope should be related to that for examination of witnesses in such proceedings. In other words, is the document sought to be produced embraced within the following language in Section 55.54: “* * * all matters and things pertaining to the business and financial interests of the defendant which might tend to show what property the defendant has, his rights in the same, and the location of same”?
We think the partnership agreement involved here fits squarely into this classification. Certainly that document “might tend to show” what property the defendant has, etc. The plaintiff was entitled to inspect the agreement to determine for itself whether the agreement shed any light on the right of the defendant in the land admitted by the defendant to have been bought with partnership funds. This was particularly true in a case of this kind, where the deed showed title in the defendant and his wife, presumably by an estate in entireties, in which situation land would not be subject to the plaintiff’s judgment, which was against the husband alone. On the other hand, if the agreement should show that the partnership had an interest in the land, as indicated in the *607 defendant’s own testimony, the plaintiff might be able to assert the judgment lien against the defendant’s interest in the partnership’s property right. This is but one of many possible benefits that could flow to the plaintiff in its legitimate efforts in these proceedings supplementary to ascertain the nature and extent of the defendant’s property. In any event, the protestations of a defendant that a document sought to be produced would not aid a plaintiff should not in proceedings supplementary be allowed to block the efforts of the plaintiff, which has a right to decide for itself whether the document “might tend to show what property the defendant has,” after the plaintiff has made a reasonable showing that the document is likely to be of that nature.
We, therefore, are of the opinion that the trial court abused his discretion in entering the order appealed from, and this order should be and is reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.
WIGGINTON, C. J., and MOODY, JAMES S., Associate Judge, concur.