PER CURIAM.
The plaintiff-husband in a divorce action appeals from interlocutory orders which granted the defendant-wife certain rights of discovery concerning his assets and income for 1962 through 1966.
The husband’s original divorce complaint alleged that the wife had no special equity in his estate or assets. She denied this allegation in her answer and counterclaimed for separate maintenance. The husband’s pleadings did not set forth his financial worth, or ability to pay, although he did state, during deposition, that he was "ready, willing and able to answer any reasonable order for costs, fees or other allowances.”
The husband takes the position that discovery concerning his assets and income is barred under the rule set forth by the Supreme Court in Jacobs v. Jacobs, Fla.1951, 50 So.2d 169, where such discovery was not allowed. He argues that by admitting his ability to respond for reasonable support and other allowances, under oath, at deposition, he falls within the Jacobs rule.
We note, however, that the Jacobs rule was expressly considered and distinguished by the Fourth District Court of Appeal[1] on the grounds that the Florida Rules of Civil Procedure had been amended since that pronouncement. The Fourth District held that discovery under the old rules (a la Jacobs) was limited to matters relevant to the issues made by the pleadings and under the new rules (a la Parker) the scope of discovery is related to the suifs subject matter without limitation of the paper issues made by the pleadings.
Closer analysis, however, brings us to the conclusion that neither case is controlling. In Jacobs, supra, the plaintiff-husband had been separated from his wife for some eleven years at the time he instituted his action, and he had already made substantial allowances for her support and maintenance. These allowances included the creation of a $1,000,000 irrevocable trust from which the wife was to receive the. entire income for the duration of her life, as well as gifts to her in excess of $200,000, and a $500,000 home. In concluding that the discovery sought was not material, relevant or pertinent to the issues raised by the pleadings, the Supreme Court noted that the husband had (1) admitted to having assets in excess of two million dollars, and (2) admitted to being financially able and willing to pay such alimony, attorney’s fees and costs as the court should decree. There was no issue before the court relating to any possible special equity the wife might have had in the husband’s property.
In Parker, supra, discovery was allowed despite the fact that the husband’s pleadings admitted his financial ability to pay reasonable amounts for the wife’s needs, and that he made a further admission, in the form of a “Written Admission and Stipulation of Fact” that he had a net worth in excess of five million dollars.
Before we would have to decide between Jacobs and Parker, we would have to find that the husband had made a comparable attempt to properly demonstrate to the court his ability and willingness to pay such amounts as might reasonably be decreed. The mere statement during deposition that “I am ready, willing and able to answer *40 any reasonable order for costs, fees or other allowances” is not sufficient.
< We do find, however, that no valid purpose would be served in requiring the husband to produce tax returns for years prior to his marriage. Accordingly, we affirm in part and reverse only as to the production of the husband’s returns for 1962 and 1963.
It is so ordered.

. Parker v. Parker, Fla.App.1966, 182 So.2d 498.