388 So.2d 327 (1980)
Rogelio MEDEL, Petitioner,
v.
REPUBLIC NATIONAL BANK OF MIAMI, a National Banking Corporation; Robert Paul, Burton A. Landy, Stanley Arthur Beiley and James E. Yacos, d/b/a Paul, Landy, Beiley & Yacos, a Partnership; and Michael Striar, Respondents.
No. 80-669.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Stabinski, Funt, Levine & Vega and Martin Levine, Miami, for petitioner.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Hart, and Joseph W. Downs, III and Beth Spiegel, Miami, for respondents.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
Petitioner, plaintiff below, seeks punitive damages against respondents, alleging conversion and intentional infliction of emotional distress. In reply to petitioner's request for production of detailed financial data, respondents Paul, Landy and Beiley, doing business as a law firm of that name, and James Yacos, provided an affidavit to the effect that the firm's partners' capital account held a balance in excess of $250,000. Motion to compel production of the requested documents was denied. This petition for certiorari review ensued.[1]
The Florida Supreme Court has recently ruled upon the scope of discovery where punitive damages are sought:
[T]he trial court should always be sensitive to the protection of a party from harassment and from an overly burdensome inquiry. Florida Rule of Civil Procedure 1.280(c) provides that for good cause shown, the trial court may make *328 any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. The trial court should keep in mind that in most punitive damages cases, at the time plaintiffs are seeking discovery of defendants' financial resources, there has not yet been a judicial determination of the defendants' liability. If plaintiffs were allowed unlimited discovery of defendants' financial resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants. In determining whether defendants' motion for protective order under rule 1.280(c) is "for good cause shown," the trial court may consider, among other things, whether or not an actual factual basis exists for an award of punitive damages.
Tennant v. Charlton, 377 So.2d 1169, 1170 (Fla. 1979).
Thus, upon petitioner's submittal of factual support for a punitive damages claim, and in the absence of demonstrated good cause for a protective order, the trial court abused its discretion by its denial of petitioner's Motion to Compel. Sun Bank of Miami v. Johnson, 380 So.2d 567 (Fla. 3d DCA 1980). See, Ortiz v. Ortiz, 194 So.2d 38 (Fla. 3d DCA 1967); Parker v. Parker, 182 So.2d 498 (Fla. 4th DCA 1966), quoted approvingly in Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967). Cf. Gruman v. Bankers Trust Co., 379 So.2d 658 (Fla. 3d DCA 1980); Alterman v. Alterman, 361 So.2d 773 (Fla. 3d DCA 1978), cert. denied 368 So.2d 1361 (Fla. 1979).
We therefore quash the Order of the trial court denying the Motion to Compel Production.
NOTES
[1] Fla.R.App.P. 9.030(b)(2)(A) and 9.030(b)(3).