PER CURIAM.
We grant the petition for writ of certio-rari and, as requested, quash that portion of the trial court’s order of October 22, 1984, which denied the petitioners’ motion to compel the production of the respondent’s federal income tax returns and financial records of various general partnerships in which the respondent is a general partner. Clearly, the respondent’s financial resources are relevant to the litigation below, namely, proceedings in aid of execution of a judgment entered against the respondent. Just as clearly, the documents sought are reasonably likely to disclose such assets. See Tennant v. Charlton, *1028 377 So.2d 1169 (Fla.1979); Medel v. Republic National Bank of Miami, 388 So.2d 327 (Fla. 3d DCA 1980); Donahue v. Hebert, 355 So.2d 1264 (Fla. 4th DCA 1978). Thus, there being no claim that the respondent needed protection from harassment or an overly burdensome inquiry, or the like, the documents were discoverable. The trial court’s view that these documents were not discoverable because “privileged” finds absolutely no support in the law.
Certiorari granted.