526 So.2d 177 (1988)
JIM APPLEY's TRU-ARC, INC., a Florida Corporation, Appellant,
v.
LIQUID EXTRACTION SYSTEMS LIMITED PARTNERSHIP, a Florida Limited Partnership, and James G. Hull, Appellees.
No. 87-2634.
District Court of Appeal of Florida, Second District.
June 1, 1988.
*178 Stephen C. Chumbris of Greene & Mastry, P.A., St. Petersburg, and James D. Eckert, St. Petersburg, for appellant.
Terence R. Perkins of Cobb & Cole, Daytona Beach, for appellees.
LEHAN, Judge.
A judgment creditor appeals orders of the trial court which (1) denied the creditor's motion for an order compelling discovery from the judgment debtor, (2) denied the creditor's motion for contempt and sanctions, and (3) dissolved a levy on a boat. We reverse the trial court's ruling as to (1) above, but affirm the other aspects.
On February 3, 1987, appellant obtained a final judgment against appellee Hull and began discovery in aid of execution. A subpoena duces tecum was served upon Hull directing him to appear at a deposition and to produce certain listed documents, including income tax returns, bank account records, and documents relating to Hull's business partnerships. Hull appeared but produced no documents. Hull testified that, to the best of his knowledge, all of his assets were jointly owned with his wife and not subject to levy and that he had not transferred any assets into joint names since the entry of the final judgment against him.
Appellant moved for an order compelling discovery. Hull filed a motion for a protective order on the basis that he should not be required to produce the documents because all assets were owned jointly with his wife. The trial court ordered Hull to produce (a) all documents showing transfers of assets from Hull to his wife or to him and his wife; (b) portions of income tax returns showing income to Hull; and (c) documents showing Hull's individual assets. Hull again produced no documents.
Appellant acquired two personal financial statements submitted by Hull to obtain bank loans dated May 5, 1986, and April 1, 1987. Each statement purported to reflect substantial assets owned by Hull individually.
*179 Appellant filed a second motion to compel discovery and to impose sanctions. At a hearing on that motion, Hull testified again that he owned no assets individually to the best of his knowledge. He stated that some assets had been transferred from his sole ownership to joint ownership with his wife in 1986 as part of an estate plan.
Hull was also questioned about the transfer of a boat from his name into the names of him and his wife. Appellant had attempted to levy on that boat. The evidence at the hearing showed that the bill of sale had been delivered to the U.S. Coast Guard for registration on March 4, 1987, after the entry of final judgment, but that the process of transferring the boat was begun about ten months before the final judgment. After the hearing, the trial court entered the orders being appealed from.
We first deal with the denial of appellant's motion to compel discovery. A judgment creditor should be allowed broad discovery into the debtor's finances, pursuant to section 56.29(4), Fla. Stat. (1985), and Fla.R.Civ.P. 1.280, even if the discovery concerns property jointly owned with others. See Goodfriend v. Druck, 321 So.2d 120 (Fla. 4th DCA 1975); Keystone Trust Co. v. Rockefeller, 118 So.2d 604 (Fla. 1st DCA 1960). The trial court's acceptance of the assertion by the debtor in this case that he had no individually-owned assets, to the best of his knowledge, was inconsistent with the right of the judgment creditor to discover assets of the debtor which might be subject to execution and levy. This is particularly applicable in a case such as this where there are indications that the debtor might have individual assets or might have recently transferred assets that would otherwise be available for levy.
However, we do agree with the trial court's rulings insofar as they prohibited discovery into the separate income and assets of Hull's wife, individually, until a proper predicate has been shown. See Rose Printing Co. v. D'Amato, 338 So.2d 212 (Fla.3d DCA 1976). See also § 56.29(6), Fla. Stat. (1983).
As to the second issue, the denial of appellant's motion to impose sanctions or to find Hull in contempt, we find no abuse of discretion by the trial court. See Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983).
Finally, we affirm the trial court's order dissolving plaintiff's levy of execution on the boat. Appellant contends that Hull did not follow the correct procedures in order to obtain that dissolution. However, appellant's writ of execution was delivered to the Sheriff of Volusia County  the location of the boat  on June 12, 1987, which appears to have been after the boat had been transferred to the joint ownership of defendant and his wife. The trial court found, and was apparently entitled to find, that that transfer had occurred on March 4, 1987. Thus, the writ created no lien against the boat. See Flagship State Bank v. Carantzas, 352 So.2d 1259, 1261 (Fla. 1st DCA 1977). Although the final judgment was entered February 3, 1987, prior to that transfer, we do not address, because it is not before us, the subject of setting aside transfers.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and FRANK, J., concur.