NORTHCUTT, Judge.
Regions Bank’s predecessor lent money to MDG Frank Helmerich, LLC, under a commercial loan agreement. W. Patrick McCuan and William L. Klohn guaranteed the loan. After the borrower and the guarantors defaulted, Regions foreclosed on the security and obtained a deficiency judgment against MDG, McCuan, and Klohn, jointly and severally. The bank then proceeded with discovery in aid of execution against the individual debtors. In this nonfinal appeal,[1] Regions challenges the circuit court’s decisions on its motion to compel discovery of the debtors’ tax returns and information about their interests in trusts. We affirm in part, reverse in part, and remand for further proceedings.
Tax Returns
Regions sought production of all tax returns McCuan and Klohn filed “for the last three (3) years, including W-2s and 1099s.” They lodged identical objections to the request:
[Objection is made to the extent that the Defendant has filed a joint tax return with his wife as she has and asserts her right to privacy and confidentiality as provided by Florida and Federal law.
At the hearing on Regions’ motion to compel discovery, its counsel explained that the bank sought information about assets the debtors held individually or jointly with others; it did not seek discovery of assets that the spouses owned individually. The circuit court ruled that Regions was “not entitled to third party financial information that may appear on the tax returns.” It ordered the debtors to produce copies of their 2008, 2009, and 2010 tax returns, but insofar as any portion of those returns related to third parties, the returns would be subject to an in-camera, inspection.
McCuan produced his 2008 and 2010 returns and Klohn produced his 2008 and 2009 returns, all of which were extensively redacted. The court “conducted an in-camera review of both the redacted and unredacted tax returns.” The correspondence between counsel and the court shows that no other documents, such as bank or brokerage account statements, stock certificates, or the like, were provided for the court’s review.[2] The court ruled that the tax returns were properly redacted.
We recognize that a person’s financial information is private and that discovery should be limited to matters relating to contested issues in the case. See Woodward v. Berkery, 714 So.2d 1027, 1035-36 (Fla. 4th DCA 1998); see also Fla. R. Civ. P. 1.280(b) (“Parties may obtain discovery regarding any matter ... that is relevant to the subject matter of the pending action-”). Thus in prejudgment discovery, a party is entitled only to the opponent’s financial records that pertain to the pending action.
But in postjudgment discovery, the dispute in the original civil action has been resolved. The matters relevant for discovery no longer involve theories such as negligence or breach of contract; they are concerned with information that will enable the judgment creditor to collect the debt. See Citibank, N.A. v. Plapinger, 461 So.2d 1027 (Fla. 3d DCA 1985); cf. Gibson v. Progress Bank of Fla., 54 So.3d 1058 *970 (Fla. 2d DCA 2011) (comparing prejudgment and postjudgment discovery rules). To illustrate, in prejudgment discovery, information about assets jointly owned with a spouse are irrelevant to and not discoverable in a suit on a loan guarantee where only one spouse was the guarantor. See Rappaport v. Mercantile Bank, 17 So.3d 902 (Fla. 2d DCA 2009). But Rappaport and other cases addressing prejudgment discovery are not pertinent in a case that has already proceeded to judgment. In those cases, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred. See Jim Appley’s Trur-Arc, Inc. v. Liquid Extraction Sys. Ltd. P’ship, 526 So.2d 177 (Fla. 2d DCA 1988); see also Capco Props., LLC v. Monterey Gardens of Pinecrest Condo., 982 So.2d 1211 (Fla. 3d DCA 2008); Plapinger, 461 So.2d at 1027. Broad discovery of a debtor’s assets is permitted postjudgment — the debtor’s assets, whether held individually or jointly, are relevant to collecting the debt owed. See, e.g., Fla. R. Civ. P. 1.560; Form 1.977.
The circuit court erred when it allowed McCuan to redact tax returns to the extent that they disclosed accounts held jointly with his wife. See Jim Appley’s, 526 So.2d at 179. The court also erred in permitting Klohn to redact his tax returns at all. He objected only to production of “joint returns” on the grounds that his wife’s assets were confidential, but his listed filing status on the returns was “single.” Moreover, the court orally ruled that if the returns contained no information about a spouse’s assets, the objection would be denied.
We reverse the order on Regions’ motion to compel and the supplementary order entered after the court’s in-camera review. We remand for further proceedings, and we direct the circuit court to require McCuan and Klohn to produce their tax returns to Regions. The appendix in a companion case, MDG Helmerich, LLC v. Regions Bank, 2D12-2658, suggests that Klohn is now married. If the debtors’ returns were jointly filed and they contain information about a spouse’s individual assets, the court may permit their redaction after an in-camera review. But McCuan and Klohn must submit documents that establish that the assets are indeed held by the spouses individually. If Klohn’s returns were filed when he was unmarried, the court shall require that they be produced unredacted.
Interests in Trusts
Regions requested production of documents from each individual debtor that related to “[a]ll trusts to which you are a grantor, trustee or beneficiary.” The debtors again filed identical responses:
Objection. This request is overbroad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the aforementioned objection, there are no documents responsive to this request except insofar as the Defendant may be a trustee and those documents would not be relevant to this action and disclosing them would violate the confidentiality and privacy rights of a third person.
The court sustained the debtors’ objections to production based on this response. At the hearing, the court noted that if Regions suspects the debtors are receiving income from a trust or have transferred money to a trust, it could serve interrogatories under Florida Rule of Civil Procedure 1.340 or require the debtors to complete the fact information sheet in form 1.977. We agree.
We affirm the court’s ruling on the objections to trust information. But Regions is free to continue its quest to discover *971 information about any trusts that may exist. We note that a debtor bears the burden of proving the validity of his objection to discovery, Carson v. City of Fort Lauderdale, 173 So.2d 743, 744 (Fla. 2d DCA 1965), and proving that any property discovered is exempt from collection, Cadle Co. v. G & G Assocs., 757 So.2d 1278, 1279 (Fla. 4th DCA 2000).
Affirmed in part, reversed in part, and remanded.
WALLACE and LaROSE, JJ., Concur.

. See Fla. R.App. P. 9.130(a)(4); DeLeo v. Wachovia Bank, N.A., 946 So.2d 626, 627 n. 1 (Fla. 2d DCA 2007).

. Regions supplemented our record with the documents examined in camera, under seal.