# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1543
Lower Tribunal No. 07-9375
_____

**Sweetapple, Broeker & Varkas, P.L.,**
Petitioner,

vs.

**Jacqueline M. Simmon,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Sweetapple, Broeker & Varkas, P.L., and Douglas C. Broeker, for petitioner.

Richman Greer, P.A., and Eric M. Sodhi, for respondent.


Before SHEPHERD, C.J., and EMAS and LOGUE, JJ.

LOGUE, J.

Sweetapple, Broeker & Varkas, P.L. ("the Firm") petitions for a writ of certiorari, seeking to quash a discovery order that permits Jacqueline M. Simmon ("the Judgment Creditor") to view trust account wire receipts. After obtaining two judgments against one of the Firm's clients, the Judgment Creditor discovered that the client transferred money to the Firm. The Judgment Creditor subpoenaed the Firm requesting documents reflecting any payment of sums into and out of the Firm's trust account for the benefit of its client. Following a hearing and in camera review of the subject wire receipts, the trial court granted the discovery request but redacted some banking information from the documents, such as the trust account number.

The issue presented is whether the trust account wire receipts are protected by the attorney-client privilege. Because this financial information is not privileged in the hands of the client, it is not privileged in the hands of the attorney. Greenberg Traurig v. Bolton, 706 So. 2d 97, 98-99 (Fla. 3d DCA 1998) (holding the attorney-client privilege does not extend to information reflecting a judgment debtor's assets which is held by a law firm); Goldberg v. Ross, 421 So. 2d 669 (Fla. 3d DCA 1982) (holding that a judgment debtor's trust fund records are not protected by the attorney-client privilege because "[d]ocuments which are not privileged in the hands of the client cannot be shielded by transferring them to the attorney").

Because the records are not privileged, the Firm has failed to demonstrate that production of the documents would constitute irreparable harm. We therefore dismiss the petition for lack of jurisdiction. Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454-55 (Fla. 2012) ("A finding that the petitioning party has suffered an irreparable harm that cannot be remedied on direct appeal is a condition precedent to invoking a district court's certiorari jurisdiction.") (citation and internal quotations omitted).

Petition dismissed.