# Third District Court of Appeal
## State of Florida

Opinion filed June 10, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2231
Lower Tribunal No. 23-24076-CA-01
_____

**Sasha Investments LLC,**
Petitioner,

vs.

**Staghorn Development, LLC, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Read Law PLLC, and Alexis S. Read, for petitioner.

Sokolof Remtulla, LLP, and Owen H. Sokolof (Boca Raton), for respondent Sokolof Remtulla, LLP.

Before SCALES, C.J., and MILLER, and BOKOR, JJ.

MILLER, J.

This proceeding finds its genesis in an unsatisfied multi-million-dollar default final judgment. Petitioner, Sasha Investments, LLC, the judgment creditor, seeks a writ of certiorari quashing two lower court orders, both of which shield the judgment debtors' former law firm from producing documents relating to its previous clients' assets and financial transactions. Petitioner contends the orders constitute a departure from the essential requirements of law resulting in irreparable injury because the absence of an in-camera review precludes judicial oversight and the denial of relevant discovery, in turn, effectively precludes it from collecting on its judgment. We grant the petition.

## I

In late 2023, petitioner, a Missouri limited liability company, filed an eleven-count complaint, accompanied by a lis pendens, against Staghorn Development, LLC, 452 NLB, LLC, John Lemkey, and Mike Mallory in Miami-Dade County. The defendants retained respondent, Sokolof Remtulla, LLP (the "Law Firm"), Staghorn and 452 NLB's registered agent, to represent them. They later entered into a negotiated settlement agreement.

The defendants soon defaulted under the agreement by failing to pay stipulated amounts when due. On April 2, 2025, the trial court entered a default final judgment and ordered all defendants to complete a fact

information sheet within forty-five days, in accordance with Florida Rule of Civil Procedure 1.560(b). Two weeks later, the Law Firm withdrew from representation. Noting that Lemkey secured new counsel, the trial court ordered the corporations to retain an attorney within twenty days.

Staghorn, 452 NLB, and Mallory failed to complete the fact information sheet, and in July 2025, the trial court adjudged all three in civil contempt. Petitioner served the Law Firm with a notice of deposition and subpoena duces tecum in aid of execution, seeking non-privileged documents relating to the judgment debtors' assets and financial transactions. For reasons unclear on our limited record, petitioner subsequently re-noticed the deposition.

The Law Firm resigned as registered agent for Staghorn and 452 NLB and simultaneously moved to quash the subpoena, or alternatively, for a protective order, asserting, among other grounds, a blanket attorney-client privilege, and, at a minimum, an in-camera review was required. But the Law Firm did not raise any document-specific objections. Petitioner maintained that the privilege was inapplicable because the subpoena targeted only asset-related and transactional information, not communications.

3

The trial court prohibited the discovery of any documents other than those acquired by the Law Firm solely in its role as registered agent. Petitioner unsuccessfully moved for rehearing. The instant petition followed.

## II

### A

To obtain a writ of certiorari, the movant must establish (1) a departure from the essential requirements of law, (2) causing material injury, (3) irremediable on plenary appeal. See Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004). The latter prongs are jurisdictional. See Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011).

### B

Ordinarily, a denial of discovery does not rise to the level of harm necessary to confer certiorari jurisdiction because the associated "prejudice can often be remedied following appeal, and thus the requisite element of irreparable harm does not exist." Marrero v. Rea, 312 So. 3d 1041, 1048 (Fla. 5th DCA 2021). A narrow exception arises where such a denial "effectively eviscerate[s] a party's claim, defense, or counterclaim." Standard Fire Ins. Co. v. Colonial Med. Ctr., Inc., 335 So. 3d 1283, 1284 (Fla. 5th DCA 2022). "Cases in which irreparable harm has been held to result from the denial of discovery often involve situations in which the

4

evidence to be gleaned, or its equivalent, can be obtained only from the discovery the trial court has denied." Marrero, 312 So. 3d at 1048.

Here, we conclude petitioner established irreparable harm. While a nonparty is not required to file a privilege log to assert an attorney-client privilege objection, the Law Firm's failure to do so coupled with the denial of an in-camera review precludes a reviewing court from determining whether all of the documents petitioner sought were actually cloaked in attorney-client privilege. See Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 65 (Fla. 3d DCA 2019) ("[W]ith regard to the non-party production request, although a non-party cannot be compelled to file a privilege log, nothing in the trial court's order prevents G. Boggs, Inc. or counsel from segregating documents claimed to be privileged and requesting an evidentiary hearing on that issue." (citing Lyons v. Lyons, 162 So. 3d 212, 215–16 (Fla. 4th DCA 2015) (noting approvingly that a trial court "has discretion to fashion a process to deal with the production of the documents"))). Similarly, it is impossible to assess whether the documents would have a dispositive effect on collection efforts or otherwise affect the outcome of the proceedings; and given the procedural history, any further delay is fraught with the danger of dissipation of assets.

5

## C

Florida law affords judgment creditors expansive postjudgment discovery rights.  See Jim Appley's Tru–Arc, Inc. v. Liquid Extraction Sys. Ltd. P'ship, 526 So. 2d 177, 179 (Fla. 2d DCA 1988).  Our appellate courts have long recognized that "[t]he creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred," including from nonparties.  Winderting Invs., LLC v. Furnell, 144 So. 3d 598, 602 (Fla. 2d DCA 2014) (quoting Regions Bank v. MDG Frank Helmerich, LLC, 118 So. 3d 968, 970 (Fla. 2d DCA 2013)).  This is because "the dispute in the original civil action has been resolved [and, therefore] [t]he matters relevant for discovery [are those] that will enable the judgment creditor to collect the debt."  2245 Venetian Court Bldg. 4, Inc. v. Harrison, 149 So. 3d 1176, 1179 (Fla. 2d DCA 2014) (quoting Regions Bank, 118 So. 3d at 969)).

In this vein, a judgment creditor is authorized to procure discovery from "any person," not solely the judgment debtor.  See Fla. R. Civ. P. 1.560(a) ("In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor."); see also § 56.29, Fla. Stat. (2024) (providing for proceedings supplementary to

6

execution). Indeed, "the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." Regions Bank, 118 So. 3d at 970.

These rights, of course, are not unfettered. Our sister courts have frowned on so-called "fishing expeditions" designed "to pry into the assets and business of persons other than the judgment debtor." 2245 Venetian Court Bldg. 4, Inc., 149 So. 3d at 1179 (quoting Gen. Elec. Cap. Corp. v. Nunziata, 124 So. 3d 940, 942 (Fla. 2d DCA 2013). In such circumstances, a nonparty is subject to postjudgment discovery only after the "judgment creditor . . . [provides] a good reason and close link between the unrelated entity and the judgment debtor." Id. (quoting Gen. Elec. Cap. Corp., 124 So. 3d at 942).

**D**

Here, the judgment debtors were adjudged in contempt for violating the court-ordered directive to complete the fact information sheet. Petitioner was not required to idly await theoretical future compliance or limit its discovery strictly to parties.

The subpoena sought information relating to bank accounts, property transfers, and other transactions designed to reveal the debtors' collectable

assets. Asset-related information in the possession of a law firm is not automatically shielded by attorney-client privilege. See Sweetapple, Broeker & Varkas, P.L. v. Simmons, 151 So. 3d 42, 43 (Fla. 3d DCA 2014) (trust account wire receipts reflecting payments into and out of the law firm's trust account for the benefit of a client were not protected by attorney-client privilege); Finol v. Finol, 869 So. 2d 666, 666 (Fla. 4th DCA 2004) (dismissing petition for certiorari in which petitioner asserted his billing and payment records were protected by the attorney-client privilege and not subject to discovery); Corry v. Meggs, 498 So. 2d 508, 511 (Fla. 1st DCA 1986) (payments are underlying facts establishing the attorney-client relationship). And as noted above, the lack of judicial oversight effectively eliminated the system of checks and balances ensuring against an overly broad assertion of privilege. Accordingly, we grant the petition and quash the orders under review.

Petition granted; orders quashed.

BOKOR, J., concurs.

SCALES, C.J., concurring.

I concur with the majority that the discovery orders constitute a departure from the essential requirements of law resulting in irreparable injury to petitioner. Not only does the absence of an *in camera* review here preclude our judicial oversight, but the discovery orders also essentially permitted the non-party law firm to determine which documents were privileged. See State Farm Mut. Auto. Ins. Co. v. Kendrick, 780 So. 2d 231, 233 (Fla. 3d DCA 2001) (quashing a discovery order that permitted the requesting party to determine whether the requested documents were privileged, observing that "the proper procedure is for the trial court to examine the disputed documents in-camera and remove those documents which fall into the privileged category").

I write separately to stress that, in my view, when adjudicating a non-party's objections to discovery, the trial court should explain its reasoning either on the record or, preferably, in the rendered discovery order. This is advisable particularly when the non-party is a law firm asserting the attorney-client privilege because the law firm very well may challenge the discovery order in a Florida district court. See R. Regulating Fla. Bar 4-1.6(d) ("When

required by a tribunal to reveal confidential information, a lawyer may first exhaust all appellate remedies."). Because the law firm is a non-party to the underlying case, in all likelihood, the law firm will seek to *appeal*[1] the challenged discovery order under the appellate standard of review, which is less restrictive than the certiorari standard. As a practical matter, any order compelling a non-party law firm to produce records that the law firm asserts

---

[1] As the author explained in *Philip J. Padovano, Florida Appellate Practice*:

> There is authority for the proposition that an order compelling discovery from a nonparty is reviewable by certiorari. However, the better view is that such an order is reviewable by appeal, provided that it fully settles the rights and duties of the nonparty as to the discovery issue before the court. The parties must resort to certiorari if they wish to seek review of a discovery order, because the litigation will continue between them and they will have an opportunity to seek review of the disputed order (and all of the other orders in the case), by appealing the final judgment. But the same is not true of a nonparty who has been directed to provide discovery. As to a nonparty, the litigation will come to an end with the issuance of the discovery order in question. There is no reason to require a nonparty to meet the more restrictive standard that applies to certiorari review of a nonfinal order, as if he or she would have an opportunity to appeal the final judgment. Nor is there any need to resort to the extraordinary remedy of certiorari in this situation. An order requiring a nonparty to provide discovery is a final order in its own right. It adjudicates the only matter in controversy as between the party seeking discovery and the nonparty ordered to provide it. It follows that an order compelling discovery from a nonparty is a final order and that it is reviewable by appeal.

Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 30:5 (2026 ed.) (footnotes omitted).

are privileged should allow the law firm time to file an appeal and to seek stay relief in the lower tribunal.