393 So.2d 653 (1981)
W.G. (Gerry) PALMER and Audio Systems of Florida, Inc., Petitioners,
v.
Carolyn Ann SERVIS, Respondent.
No. 80-1245.
District Court of Appeal of Florida, Fifth District.
February 11, 1981.
*654 Benjamin T. Shuman, Orlando, for petitioners.
Jon S. Rosenberg, Orlando, for respondent.
COWART, Judge.
In this original proceeding petitioners seek a writ of common law certiorari to review a pre-trial non-final order in a dissolution action which, by denying petitioner's motion for a protective order,[1] effectively granted discovery. We have jurisdiction under article V, section 4(b)(3), Florida Constitution, and Florida Rules of Appellate Procedure 9.030(b)(2)(A) and 9.100.
The dissolution complaint alleges that the husband was an employee of the corporate petitioner and had a financial interest in that company. This allegation is admitted in the husband's answer. The subpoena duces tecum, caused to be issued by the wife, requires the individual petitioner, as president of the corporate petitioner, to produce all financial books and records, financial reports, statements of income and loss, balance sheets, corporate books, minutes and records of the corporate petitioner.[2]
The rule[3] authorizing a subpoena duces tecum provides that the subpoena may command the witness to produce books, papers, documents or tangible things "designated" therein. The word "designated" is also the qualifying word used to describe the documents a party can be required to produce.[4] Petitioners are mere third persons subpoenaed as witnesses in this dissolution action. "Designation" requires some degree of specification.[5] A blanket request for a general category is insufficient. The subpoena duces tecum should not become a search warrant, requiring a witness to produce broad categories of items which the party can search to find what may be wanted. The desired documents, *655 books or papers should be designated with sufficient particularity as to affirmatively suggest their existence and materiality and so describe them that any reasonable person can identify them.
The wife is, of course, entitled to discover the husband's interests, if any,[6] in the corporate petitioner. However, by analogy to the principle applied in cases for an accounting,[7] she should be first limited in discovery to matters relating to the establishment of her right or interest[8] before she is entitled to learn of the internal financial details of the corporation itself. This is only fair not only because of the violation of others' rights of privacy but, also, because there is no adequate remedy to recover knowledge after it has once been wrongfully gained. For this reason certiorari is frequently used to review orders granting discovery.[9]
The petition is granted and the order denying protection is quashed.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Fla.R.Civ.P. 1.280(c).
[2] The subpoena required the production of other matters concerning which there was no objection.
[3] Fla.R.Civ.P. 1.410(b).
[4] Fla.R.Civ.P. 1.350(a).
[5] See Annotation: Necessity and sufficiency ... of "designation" of documents, etc., in applications or motions, 8 A.L.R.2d 1134 (1949).
[6] While the husband's answer admits an interest in the business, the petitioner's motion for protective order alleges that the husband has now conveyed to the individual petitioner the corporate stock the husband previously had and alleges that the husband is now but an employee.
[7] The proper practice in an accounting case is a two stage determination where the trial court determines the initial question of the plaintiff's right and defers discovery as to the financial details until after the preliminary issue of the right to the accounting is settled. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956).
[8] In this case the right to go into the financial details of a third person's business affairs should be deferred at least until the wife has established by evidence, acquired if necessary through other discovery proceedings, that the husband presently has a financial interest in the business.
[9] See Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942), cited in Rogers & Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477, 505 n. 100 (1951); Boucher v. Pure Oil Co., 101 So.2d 408, 410 (Fla. 1st DCA 1957), cited in Haddad, Certiorari in Florida, 29 U.Fla.L.Rev. 207, 224 n. 133 (1977).