582 So.2d 803 (1991)
JERRY'S SOUTH, INC., a Florida Corporation; Jerry's North, Inc., a Florida Corporation; Captain Odie's, Inc., a Florida Corporation; Otis J. Dixon; John Howren; and Jeff Rickard, Petitioners,
v.
David MORRAN, Respondent.
No. 91-00360.
District Court of Appeal of Florida, First District.
July 22, 1991.
Robert E. O'Quinn, Jr., and Clyde E. Murphree of Webb, Swain & O'Quinn, P.A., Jacksonville, for petitioners.
Herbert T. Sussman of Boyer, Tanzler & Boyer, Jacksonville, for respondent.
*804 BOOTH, Judge.
This cause is before us on a petition for writ of certiorari to review the circuit court's denial of petitioners' motion for protective order against discovery sought by respondent in connection with his civil suit for damages.
On January 5, 1990, respondent (plaintiff), filed a two-count complaint against petitioners Jerry's South, Otis Dixon, (owner of Jerry's South), and John Howren (bartender at Jerry's South), alleging that John Howren owed a duty to make a reasonable determination in serving alcohol to an intoxicated bar patron who subsequently threatened and struck respondent, resulting in bodily injury.
A critical fact to be determined is ownership of the business at the time of the events in question. Respondent filed an amended complaint adding Jerry's North and Captain Odie's, as defendants, as well as Jeff Rickard (the intoxicated patron), alleging that one of the new corporate defendants may have been the owner of the bar in which the incident occurred.
On January 10, 1990, the same day as the filing of the amended complaint, Mr. Dixon appeared for deposition as the corporate representative of Jerry's South. Dixon testified that he is currently the principal stockholder and president of Jerry's South, Jerry's North, and Captain Odie's. However, Dixon stated that he was not provided adequate time prior to deposition to ascertain who owned the business on the date in question and that with more time he could obtain the information. Dixon did not refuse to supply the information.
On June 4, 1990, Mr. Dixon moved to dismiss the amended complaint against him for failure to properly serve initial process and pleading. Thereafter, respondent filed a motion for enlargement of time to effect service of process.
On June 22, 1990, Circuit Judge Harding ruled that respondent had failed to show good cause for failing to timely serve Dixon. The court granted the motion to dismiss as to Dixon and denied the motion for enlargement of time.
On December 7, 1990, respondent noticed the taking of the deposition of Dan Minton, C.P.A., directing Minton[1] to bring all business records relating to the defendant corporations and to Dixon. On December 18, 1990, respondent filed a notice of production from nonparties (First Union National Bank of Florida and American National Bank of Florida),[2] seeking production of all business records of the defendant corporations and of Dixon.
On December 28, 1990, petitioners filed a motion for protective order on the ground that the discovery sought as to Mr. Dixon, a nonparty, was overly broad and was beyond the scope of Florida Rules of Civil Procedure 1.280, 1.350, and 1.351. Petitioners also filed objections to respondent's subpoenas duces tecum as to nonparties American National Bank and First Union National Bank.
On January 9, 1991, Judge Gordon Duncan[3] denied all motions and objections, and allowed the discovery in question.
When considering a petition for writ of certiorari, this court considers the record as it existed at the time the complained-of discovery order was entered. Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380, 381 (Fla. 1st DCA 1981) ("information sought to be discovered must relate to the issues involved *805 in the litigation"). Based upon the pleadings at the time the trial court ruled on the motion for protective order, the financial records of Mr. Dixon, a nonparty, were not related to any pending claim or defense, nor was the information shown to be reasonably calculated to lead to the discovery of admissible evidence. Walker v. Walker, 439 So.2d 963 (Fla. 1st DCA 1983). Therefore, the motion for protective order should have been granted.
As to the various corporate defendants, the discovery sought is unduly burdensome and overly broad. Less-intrusive means of discovery are available to obtain the information as to ownership that respondent seeks. The order denying a protective order is a departure from the essential requirements of law.
Accordingly, certiorari is granted, the order below is quashed, and the cause is remanded for further proceedings consistent herewith.
NIMMONS, J., concurs.
KAHN, J., concurs with opinion.
KAHN, Judge, concurring.
I agree with the result reached by the majority, but write to express my opinion that a litigant's decision not to seek the least intrusive means of discovery will not necessarily give rise to a protective order. In this case, however, as correctly pointed out by the majority, the plaintiff's request for "all business records" of the various corporate defendants is at odds even with the liberal discovery rules set out by the Florida Rules of Civil Procedure. Rule 1.280(b)(1) requires, as a threshold, that discovery sought must be relevant to the subject matter of the pending action. Our ruling in this matter does not in any way prejudice plaintiff, nor does it prevent him from proceeding to ferret out answers through orderly discovery means.
NOTES
[1] The notice directed Minton, C.P.A., to produce the following:

All of the business records pertaining to Jerry's South, Inc., Jerry's North, Inc., Captain Odie's, Inc. and Otis J. Dixon. The complete business file relating to those corporations and that individual including correspondence, any and all ledger cards, and any and all tax returns for the years 1985 through 1989.
[2] The notice to the Banks directed production of the following:

Any and all of the business records pertaining to any and all checking accounts, savings accounts, and/or payroll accounts, bearing the name of Jerry's South, Inc.; Jerry's North, Inc.; Captain Odie's, Inc.; Jerry's and/or Otis J. Dixon.
[3] Judge Duncan had been assigned to the case, replacing Judge Harding.