638 So.2d 1030 (1994)
Barbara WALTER, Appellant,
v.
Stephen PAGE, Dominic Longo, and Florida Financial Partners, Inc., Appellees.
No. 93-02204.
District Court of Appeal of Florida, Second District.
June 22, 1994.
*1031 Richard P. Hirtreiter, St. Petersburg, for appellant.
George M. Osborne, St. Petersburg, for appellee, Dominic Longo.
PER CURIAM.
The appellant, Barbara Walter, challenges the trial court's order denying her motion for a protective order from a subpoena duces tecum. We reverse.
In the underlying cause of action the appellee Dominic Longo sued appellee Florida Financial Partners, Inc. (FFP) for breach of contract. Appellant was a corporate officer of FFP but she was not named as a party in the suit between Longo and FFP. Longo obtained a final judgment against FFP and in Longo's efforts to execute that judgment, Longo served upon appellant a subpoena duces tecum for deposition in aid of execution. The subpoena required appellant to produce FFP business documents and appellant's personal financial papers. Appellant filed a motion for protective order in response to this subpoena. The basis of appellant's motion was that the subpoena was too broad in that it sought production of essentially all of appellant's personal financial records. The trial court denied appellant's motion and ordered that she appear for the deposition with the records. Appellant filed an emergency motion to stay discovery. A different judge, Judge Carrere, entered an order granting in part and denying in part appellant's motion for stay. In granting the stay this judge ordered that Longo could not depose appellant in regard to her personal finances and assets since she was not subject to the judgment against FFP. Appellant appeared for the deposition and produced all the documents required by Judge Carrere. Appellant then filed a timely notice of appeal from the order denying her motion for protective order.
We agree with the appellant that the subpoena duces tecum was too broad. The rule authorizing a subpoena duces tecum requires some degree of specificity, and the documents or papers sought should be designated with sufficient particularity to suggest their existence and materiality. Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA 1981); Fla.R.Civ.P. 1.350(a). The subpoena in the instant case was too broad in seeking virtually all of appellant's personal financial documents. The subpoena duces tecum is not the equivalent of a search warrant, and should not be used as a fishing expedition to require a witness to produce broad categories of documents which the party can search to find what may be wanted. Palmer.
A protective order should be granted when the pleadings, at the time a trial court rules upon a motion for protective order, indicate that the financial records of a non-party are not related to any pending claim or defense, and do not indicate that the information is shown to be reasonably calculated to lead to the discovery of admissible evidence. Jerry's South, Inc. v. Morran, 582 So.2d 803 (Fla. 1st DCA 1991). In the instant case, the trial court should have granted appellant's motion for protective order. Appellant was not a party to the underlying action against FFP nor did Longo implead appellant. Also, the pleadings in the record provided to this court do not indicate that appellant's personal financial records were related to any claim or defense, nor do they indicate that the information sought was reasonably calculated to lead to the discovery of admissible evidence.
*1032 The appellant in this case is entitled to a protective order. Longo's discovery by way of the subpoena duces tecum is not unlimited. Should Longo pursue further discovery of appellant's personal financial records, any discovery must comply with the principles discussed in Palmer. We reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.