KHOUZAM, Judge.
Michelle Rowe, the Former Wife, filed a petition for writ of certiorari to review the trial court’s order granting a motion to compel discovery filed by Jose Rodriguez-Schmidt, the Former Husband. Because the trial court departed from the essential requirements of the law in granting the motion, we grant the petition.
*1103 After the parties’ divorce was finalized in May 2007, the Former Husband filed a motion to modify his child support obligation, which was granted in January 2010. The Former Wife later discovered that the Former Husband had misstated his income in litigating the modification and successfully moved to set it aside in June 2011: As part of that litigation, the Former Wife sought attorney’s fees under section 61.16, Florida Statutes (2011).
In litigating her entitlement to fees, the Former Wife complied with the Former Husband’s request for her 2009 and 2010 tax returns but redacted most of the information because the returns were filed jointly with her current husband, a non-party wanting to protect his financial privacy. The Former Husband filed a motion to compel the Former Wife to provide unredacted copies of these tax returns, arguing that her current husband waived any right to privacy he had by involving himself in the litigation.
After a hearing on October 14, 2011, the trial court granted the Former Husband’s motion to compel, finding that the documents were relevant and the nonparty current husband waived his right to privacy. The Former Wife timely filed this petition seeking to quash the order, arguing that the decision lacked a required evidentiary basis. We agree.
A three-pronged test must be satisfied in order to grant certiorari relief: “[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Certiorari relief is thus appropriate only where “a lower court has departed from the essential requirements of the law or when a lower court has acted in excess of its jurisdiction, and no appeal or direct method of reviewing the proceeding exists.” Williams v. Oken, 62 So.Bd 1129, 1132 (Fla.2011).
“An order compelling the production of documents by a nonparty is reviewable by certiorari because he or she has no adequate remedy by appeal.” Rappaport v. Mercantile Bank, 17 So.3d 902, 905 (Fla. 2d DCA 2009); see also Borck v. Borck, 906 So.2d 1209, 1211 (Fla. 4th DCA 2005) (“Because the order requires financial information from [nonparties,] ... the petitioners have alleged irreparable harm in the invasion of their privacy rights.”). The order the Former Wife challenges grants the Former Husband’s motion to compel unredacted copies of the Former Wife’s 2009 and 2010 income tax returns filed jointly with her current husband, a non-party to these proceedings. Therefore, a review on the merits is appropriate.
“Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure.” Borck, 906 So.2d at 1211. This is because “personal finances are among those private matters kept secret by most people.” Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985)). The burden to prove the information is relevant or reasonably calculated to lead to the discovery of admissible evidence is on the party seeking the information. Spry v. Prof'l Emp'r Plans, 985 So.2d 1187, 1188-89 (Fla. 1st DCA 2008).
Because of the strong public policy underlying this constitutional protection, “[t]he relevance of financial information should be determined only after an eviden-tiary hearing.” Id. at 1188-89. Accordingly, it has been held a departure from the essential requirements of the law *1104 where a “trial court ordered production of [nonparty] financial information without any evidentiary inquiry as to its relevance.” Borck, 906 So.2d at 1211; see also Spry, 985 So.2d at 1188 (“[T]he JCC departed from the essential requirements of law by ordering discovery without considering evidence as to its relevance.”).
Here, the trial court departed from the essential requirements of the law because it ordered production of a nonparty’s financial information without considering any evidence regarding its relevance. A review of the transcript from the October 14, 2011, hearing reveals that the Former Husband provided no sworn testimony and nothing was moved or admitted into evidence. The only argument that the Former Husband’s counsel made was pointing out to the judge some copies of billing statements allegedly showing that the Former Wife’s attorney had communicated with the nonparty current husband. However, nothing in the transcript or remaining record indicates that they were identified or admitted into evidence.
Consequently, the trial court only heard the attorneys’ unsworn argument, which does not constitute evidence. See DiSarrio v. Mills, 711 So.2d 1355, 1357 (Fla. 2d DCA 1998). In this case, just as in Spry, “although a hearing was held, Respondent!] presented no evidence as to the relevance of [Petitioner]’s financial information.” 985 So.2d at 1189. And as in Borck, the trial court “rel[ied] entirely on [Respondent's council’s [sic] representation ... without even taking testimony from the parties.” 906 So.2d at 1211. Accordingly, we must grant the writ and quash the trial court’s order compelling discovery.
Even if the documents did qualify as evidence, however, we note that the result of this petition would remain the same. It is clear from the briefs and transcript that the billing statements were utilized in an attempt to prove that the Former Wife’s current husband was involved in the litigation and had thus waived his right to privacy in the documents. Even if we assume the accuracy of the Former Husband’s assertions on this matter, his burden as “the party seeking discovery” was to prove “that the information is relevant.” Spry, 985 So.2d at 1189 (emphasis added).
At most, the billing statements show that the Former Wife’s nonparty current husband spoke with the Former Wife’s attorney. We cannot conceive how having spoken to an attorney, without more, translates into evidence supporting the relevance of these financial documents or evidence reasonably calculated to lead to the discovery of admissible evidence. Because no evidence of the relevance of the unre-dacted tax returns was introduced at the hearing, it was a departure from the essential requirements of the law to order their disclosure. For this reason, we grant the petition for' certiorari and quash the trial court’s order granting the Former Husband’s motion to compel.
Petition granted; order quashed.
CASANUEVA and BLACK, JJ., Concur.