CASANUEVA, Judge.
General Electric Capital Corp. (GECC) has filed a petition for a writ of certiorari, challenging the trial court’s order denying its motion for a protective order from a subpoena duces tecum. We grant the petition, concluding that the trial court departed from the essential requirements of the law, causing material injury throughout the remainder of the proceedings below, and effectively leaving no adequate remedy on appeal by requiring GECC to divulge extensive business records that are related to the underlying action in a rarely seen tenuous manner. We have jurisdiction. See Nussbaumer v. State, 882 So.2d 1067, 1072 (Fla. 2d DCA 2004) (“[T]he only way that a nonparty claiming privilege *941 may test a court’s order — other than by certiorari — is to risk a contempt citation and then to appeal if cited for contempt. However, this is ‘too great a price.’ ” (quoting Briggs v. Salcines, 392 So.2d 263, 266 (Fla. 2d DCA 1980))).
Background
Respondent Richard Nunziata is the personal representative of the estate of his mother, Elvira Nunziata. Ms. Nunziata died in 2004 after she sustained severe injuries in the nursing home where she was a patient. Mr. Nunziata instituted a nursing home malpractice case against the nursing home’s corporate licensee, several other corporations, and its supervisory staff, including; respondent Trans Health Management, Inc. (THMI). THMI had provided back-office functions at the nursing home until several months before Ms. Nunziata’s accident that led to her death. As is typical in nursing home litigation, all the upchain corporate entities or natural persons associated with these upchain corporations who had an interest in the nursing home or who provided various services to the nursing home were also defendants in the suit. But the parent company of THMI, Trans Health, Inc. (THI), was not among the listed defendants. All the defendants except THMI settled before trial, but THMI defaulted and did not appear at the bench trial on liability. Thus, the trial court entered a judgment against THMI on liability and held a jury trial on damages alone.[1] The jury returned a verdict in favor of Mr. Nunziata for $60 million in compensatory damages and $140 million in punitive damages.[2] Attempting to locate assets to satisfy his $200 million award, Mr. Nunziata instituted a proceeding supplementary in aid of execution and served a subpoena duces tecum on GECC. As is clear from this narrative, GECC is not the judgment debtor.
GECC is a lender of capital. Through its Healthcare Financial Services Division, GECC lends healthcare businesses money to finance projects. In 2002, several of THI’s subsidiaries — but not THMI — borrowed $55 million; THMI was, however, one of sixteen guarantors of that loan. The original lender subsequently transferred this loan to GECC for consideration. The borrowers on that loan defaulted, but GECC never looked to THMI for repayment. Instead, GECC restructured the loan in 2006 and, importantly, THMI ceased, with GECC’s approval, being a guarantor of the newly-restructured loan.
Regardless of the fact that since 2006 THMI no longer had any connection to the loan, and regardless of the fact that THMI was no longer under contract for back-office functions at the time of Ms. Nunzia-ta’s accident, Mr. Nunziata subpoenaed GECC pursuant to Florida Rule of Civil *942 Procedure 1.560, the rule of procedure relating to discovery of assets of a judgment debtor.[3] The subpoena duces tecum listed fifty-seven separate document requests in seventeen single-spaced pages, and many of the individual requests had nine or more subparts. But only three requests arguably referred to THMI. The general ten- or of the requests appears to delve into GECC’s internal matters, including documents relating to its accounting reserves, underwriting and servicing of loans issued to other of THI’s subsidiaries, and communications related to a January 2012 agreement to which THMI is not a party.
GECC objected to the wide-ranging scope of the discovery request, but it offered to provide all documents in its possession that mentioned THMI — which were very few — as well as to allow Mr. Nunziata’s counsel to use in this case the more than 278,000 pages of documents it had produced in a different case, also against THMI. But Mr. Nunziata’s counsel rejected this offer, so GECC moved for a protective order.
The trial court held a multiday hearing on GECC’s motion for protective order and its objections to the fifty-seven discovery requests. The trial court denied the motion for protective order and overruled all of GECC’s objections except for objections to seven requests that Mr. Nunziata’s counsel withdrew during oral argument. The trial court also refused to grant GECC’s request for a confidentiality order to protect it from unwarranted disclosure of documents relating to GECC’s accounting reserves and internal loan-underwriting analyses. Instead, the trial court ordered GECC to present its confidential documents at an all-day in camera hearing. Not willing to comply with this burdensome task and believing it was being subjected to a fishing expedition at the hands of Mr. Nunziata’s counsel, GECC petitioned this court for a writ of certiorari to quash the trial court’s orders.
Analysis
It is clear to this court that Mr. Nunziata’s counsel has painted the proceedings supplementary with a very wide brush vis-á-vis GECC. GECC is not the judgment debtor in this case, and from what we can glean from the record before this court, the relationship between GECC and THMI is, at best, very remote and, at worst, nonexistent since 2006 when THMI’s role as guarantor of the original loan to THI’s other subsidiaries terminated. This court has held that discovery in aid of execution cannot be used to pry into the assets and business of persons other than the judgment debtor, unless the judgment creditor can provide a good reason and close link between the unrelated entity and the judgment debtor. See, e.g., Walter v. Page, 638 So.2d 1030 (Fla. 2d DCA 1994). Mr. Nunziata suggests that there has been commingling of assets so as to allow inquiry into GECC’s financial affairs, but the record does not persuade us that the relationship between THMI and GECC provides such a close link.
■ The circumstances of Walter parallel this case. The plaintifi7appellee in Walter, Dominic Longo, had obtained a judgment for breach of contract against defendants Stephen Page and Florida Financial Partners, Inc. (FFP). The appellant, Barbara Walter, was a corporate officer of FFP. In proceedings supplementary, she was served with a subpoena duces tecum for *943 deposition and to produce FFP’s business documents and her personal financial records. She moved for a protective order and claimed, similarly to GECC here, that the request was too broad in requiring her personal information. The trial judge at first denied her motion for protective order, but after she filed an emergency motion to stay discovery, a different trial judge granted her motion to stay in part, ruling that Longo could not depose her regarding her personal finances and assets because she was not subject to the judgment Longo had obtained against FFP. She was deposed on FFP’s financial records and then filed an appeal from the order denying her motion for protective order. Id. at 1031.
This court agreed with Ms. Walter that the subpoena duces tecum was too broad in seeking “virtually all of [her] personal financial documents.” Id. We noted, as we note again here, that a “subpoena duces tecum is not the equivalent of a search warrant [ ] and should not be used as a fishing expedition to require a witness to produce broad categories of documents which the party can search to find what may be wanted.” Id. (citing Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA 1981)). This is especially true where the person subject to the subpoena is not the judgment debtor. See, e.g., Jim Appley’s Tru-Arc, Inc. v. Liquid Extraction Sys. Ltd. P’ship, 526 So.2d 177, 179 (Fla. 2d DCA 1988) (prohibiting discovery by judgment creditor into separate income and assets of judgment debtor’s wife). If a proper predicate is laid, someone other than the judgment debtor may be required to submit to financial discovery, but in this case, Mr. Nunziata’s counsel has not laid the proper predicate. Cf. Jerry's S., Inc. v. Morran, 582 So.2d 803 (Fla. 1st DCA 1991) (granting writ of certiorari and quashing pretrial order requiring nonparty corporate defendants to produce all business records of the corporations in plaintiffs search for information regarding ownership of bar that provided service to allegedly intoxicated patron who subsequently threatened and struck plaintiff).
Conclusion
The trial court erred in denying GECC’s motion for protective order. Mr. Nunzia-ta’s far-reaching requests for GECC’s internal operating documents were not properly limited in seeking the assets of the judgment debtor, THMI, that are possibly subject to execution. “In the context of postjudgment discovery, matters relevant to the subject matter of the pending action or which would lead to the discovery of admissible evidence, per [Florida] Rule [of Civil Procedure] 1.280(b)(1), would encompass matters identifying or leading to the discovery of assets available for execution .... ” 4 Bruce J. Berman, Berman’s Florida Civil Procedure, ¶ 560.3[5] (2013). Mr. Nunziata has not shown that to be the case here.
We grant the writ of certiorari, quash the order below, and remand for further proceedings.
DAVIS, C.J., and BLACK, J„ Concur.

. THMI’s status as a corporation permitted to conduct business in Florida was revoked in 2004 for failure to file an annual report with the Department of State. Section 607.1622(8), Florida Statutes (2004), provided:
Any corporation failing to file an annual report which complies with the [filing] requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.
There is no indication in the record before us that THMI corrected its revoked status prior to the trial court entering the default judgment on liability.

. Mr. Nunziata had alleged that the nursing home staff knew of Ms. Nunziata's propensity to wander off without supervision and that safety precautions at the nursing home were substandard. Ms. Nunziata’s death resulted from falling down a stairwell in her wheelchair.

. Florida Rule of Civil Procedure 1.560, titled "Discovery in Aid of Execution,” provides, in pertinent- part: "(a) In General. In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.”