FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PRESLEY LAW AND ASSOCIATES, P.A., )
)
          Petitioner, )
)
v. )     Case No. 2D13-5507
)
ROBERTA SUE CASSELBERRY f/k/a )
SUE C. BERLINGER; BRUCE D. )
BERLINGER; SUNTRUST BANK, as )
Garnishee; and RICHARD K. INGLIS, as )
Garnishee, )
)
          Respondents. )
_____ )

Opinion filed October 1, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Collier County; Elizabeth V. Krier,
Judge.

Steven M. Presley, Michael R. Presley, and
Robert M. Presley of Presley Law and
Associates, P.A., Wellington, for Petitioner.

Michael A. Hymowitz of Braverman &
Hymowitz, Fort Lauderdale, for Respondent
Roberta Sue Casselberry f/k/a Sue C.
Berlinger.

No appearance for remaining Respondents.

DAVIS, Chief Judge.

Presley Law and Associates, P.A., is a law firm representing the interests of certain third parties associated in various capacities with funds in which Bruce Berlinger, the Former Husband, has an interest as a trust beneficiary. In this proceeding, Presley seeks certiorari review of the denial of a motion for protective order seeking to prevent the production of its records. Because the trial court departed from the essential requirements of law in ordering production from a third party with no adequate remedy on appeal, we grant the petition for writ of certiorari.

The records at issue were subpoenaed by Roberta Casselberry, the Former Wife, when she sought garnishment from the holders of certain trust accounts following her receipt of a judgment against the Former Husband during the dissolution of their marriage. As part of her collection efforts, the Former Wife initiated a garnishment action related to funds in certain trusts in which the Former Husband had an interest. She also sought to recover from the Former Husband her attorney's fees generated from these collection efforts, and she requested records from Presley as related to the time spent in representation of the various actions.

As relevant to the instant action, the Former Wife subpoenaed trust records from Presley solely in its representative capacity of two third-party garnishees—SunTrust Bank and an individually named special trustee.[1] Presley sought a protective order—claiming work product, attorney-client privilege, lack of relevancy, and privacy—

---

[1]In the various proceedings that have been filed in the circuit court or this court, Presley has represented the Former Husband, a special trustee, and SunTrust as the holder of certain trusts for which the Former Husband is a beneficiary. Presley also appears to have represented the Former Husband's adult children in a related action in federal court.

in an attempt to protect the firm from having to turn over its billing and related records stemming from its representation of the parties to the trust during the earlier dissolution proceeding. This motion was denied after a hearing.[2]

Presley argues that the trial court departed from the essential requirements of law by requesting the production of billing records from third parties for the sole purpose of the Former Wife's attempting to establish the reasonableness of the fees and hours expended by her own attorneys in the earlier proceeding against the Former Husband. Presley further argues that the trial court failed to find that the requested items were relevant. The Former Wife, however, maintains that the documents became relevant when the Former Husband argued against the amount of fees she sought in her action to collect unpaid alimony.[3]

We conclude that the trial court here departed from the essential requirements of law because no evidence of relevancy was presented to establish how the firm's billing records for representation that is clearly related to the interests of third parties are related to the Former Wife's purpose in seeking to establish the reasonableness of the amount of the fees she incurred in the action against her Former Husband. See Rowe v. Rodriguez-Schmidt, 89 So. 3d 1101, 1104 (Fla. 2d DCA 2012) ("[T]he trial court departed from the essential requirements of the law because it ordered production of a nonparty's financial information without considering any evidence

---

[2]We note that based on the entry of a stay of the ordered disclosure of the records at issue by the circuit court, the records do not appear to have been disclosed while the underlying case has proceeded.

[3]The Former Husband argued that the Former Wife's attorney's fees were not proportional to those incurred by his attorneys in the same action, but she maintained that her requested attorney's fees were proportional because she was required to represent her position as to the interests represented by Presley as well as the Former Husband's direct interests.

- 3 -

regarding its relevance.").  Additionally, certiorari relief is appropriate for this departure because there is no adequate remedy on appeal available for Presley or the nonparties it represents.  Id.  Whether these records are actually relevant is a matter to be determined by the trial court.  We merely find that it was a departure from the essential requirements of law to order the records' production without first requiring evidence establishing their relevancy.  Accordingly, we grant the petition for writ of certiorari.

Granted.

VILLANTI and SLEET, JJ., Concur.