NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RICHARD K. INGLIS, as Special Trustee )
under the Last Will and Testament of Rosa )
B. Schweiker dated February 2, 1961; )
BRIAN BERLINGER, Individually and as )
Trustee under the Last Will and Testament )
of Rosa B. Schweiker dated February 2, )
1961; and MICHAEL R. PRESLEY, )
Individually and as Trustee of the )
Schweiker-Berlinger Irrevocable Life )
Insurance Trust, )
                                     )
        Petitioners, )
                                       )
v. ) Case No. 2D15-4993
                                       )
ROBERTA SUE CASSELBERRY, f/k/a )
SUE C. BERLINGER; and BRUCE )
BERLINGER, )
                                       )
        Respondents. )
_____)

Opinion filed July 15, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Collier County; Joseph G. Foster,
Judge.

Louis D. D'Agostino and Edward K. Cheffy
of Cheffy Passidomo, P.A., Naples, for
Petitioners Richard K. Inglis and
Michael R. Presley; and Robert M.
Presley of Presley Law & Associates, P.A.,
Wellington, for Petitioner Brian Berlinger.

Richard L. Rosenbaum of Law Offices of

Richard L. Rosenbaum, Fort Lauderdale;
and Alan J. Braverman of Law Offices
of Alan J. Braverman, Fort Lauderdale,
for Respondent Roberta Sue Casselberry,
f/k/a Sue C. Berlinger.

No appearance for remaining Respondent.

MORRIS, Judge.

Richard Inglis, Brian Berlinger, and Michael Presley, as trustees of two trusts, seek certiorari review of an "Order Overruling the Objections of Third-Party Defendants to the Former Wife's Second Request for Production of Documents." We grant the petition for writ of certiorari and quash the order on review.

### I. Background

This certiorari petition arises out of postjudgment proceedings between Bruce Berlinger, the former husband, and Roberta Casselberry, the former wife. The protracted history of the litigation between the parties is laid out in two prior opinions from this court. Berlinger v. Casselberry, 133 So. 3d 961 (Fla. 2d DCA 2013); see also Inglis v. Casselberry, 137 So. 3d 389 (Fla. 2d DCA 2013). To summarize, after the former spouses entered in a marital settlement agreement, which was incorporated into a final judgment, the former husband stopped paying the former wife the agreed-upon amount of $16,000 per month in alimony. The former wife obtained an order finding the former husband in contempt and granting continuing writs of garnishment on discretionary distributions to the former husband from four family trusts. Berlinger, 133

So. 3d at 962, 964.[1]  This court affirmed the continuing writs of garnishment, concluding that the discretionary disbursements to the former husband from the trusts are subject to garnishment by the former wife and that the spendthrift provisions of the trusts are unenforceable as to the former wife because she is a former spouse with a judgment against a beneficiary for support or maintenance.  Berlinger, 133 So. 3d at 965-66; Inglis, 137 So. 3d at 390.

Relevant to the instant certiorari proceeding, in 2013 the former wife filed in the trial court a supplemental petition for supplemental proceeding against the former husband.  She named the following as third-party defendants: Michael R. Presley, individually and in his capacity as the trustee of the Schweiker-Berlinger Irrevocable Life Insurance Trust; Richard Inglis, in his capacity as special trustee of the Trust under the Last Will and Testament of Rosa B. Schweiker dated February 2, 1961; and Brian Berlinger (an adult son of the former wife and the former husband), in his capacity as the individual trustee of the Trust under the Last Will and Testament of Rosa B. Schweiker dated February 2, 1961.[2]  The former wife served on the three trustees requests for the production of trust documents, seeking, among other things, all documents relating to "distributions to and for the benefit of" the former husband and all documents relating "to the reason for each distribution made to or for the benefit" of the

---

[1]The four trusts were identified as (1) the Rosa B. Schweiker Trust; (2) the Frederick W. Berlinger Trust; (3) the Rose S. Berlinger Trust; and (4) the Schweiker–Berlinger Irrevocable Life Insurance Trust.  Berlinger, 133 So. 3d at 962 n.1.

[2]Thus, the only two trusts involved in the instant proceedings are (1) the Schweiker-Berlinger Irrevocable Life Insurance Trust and (2) the Trust under the Last Will and Testament of Rosa B. Schweiker dated February 2, 1961.  We assume that this second trust is the same as the Rosa B. Schweiker Trust referenced in our prior opinion.  Berlinger, 133 So. 3d at 962 n.1.

former husband. The requests also sought all documents relating "to distributions to and for the benefit of the" parties' three adult children—Brian Berlinger, Stacey Sue O'Connor, and Heather Anne Berlinger—and all documents relating "to the reason for each distribution made to or for the benefit" of the three adult children. The three trustees filed objections to the requests for production, arguing, among other things, that the personal finances of the adult children are not at issue and that the documents relating to their trust distributions are not relevant. The trustees also argued that the children have a right to privacy with regard to their personal financial information under the Florida Constitution.

After a nonevidentiary hearing, the trial court entered the order overruling the trustees' objections. The trial court found that the "discovery requests are brought within the context of a [p]roceedings [s]upplementary brought by the [f]ormer [w]ife to discover assets of the [f]ormer [h]usband that may be used to satisfy outstanding support obligations." Noting the lengthy litigation history between the parties and the efforts the former husband had gone to in order to avoid his financial obligations to the former wife, the trial court stated that the former wife was "seeking current information about the existing family trusts in an attempt to discover whether the [f]ormer [h]usband, and the [t]rustees of the various family trusts, are again attempting to thwart" the judgments requiring him to pay money to the former wife. The trial court concluded that the former wife had

> presented sufficient grounds as to why the requested
> discovery is relevant to this case and a close link between
> the third party and the judgment debtor. Each of the third
> parties are current trustees of one or more of the family
> trusts, the same family trusts that the [f]ormer [h]usband
> used to serve as trustee for and which the [f]ormer [h]usband

has relied upon for his living expenses for many years and which were the subject of previous motions to compel and for contempt.

The trial court rejected the privacy argument asserted by the trustees, finding that "[t]he issue remains one of relevancy[] and [that] clearly the documentation sought is relevant to the issues at hand." The trial court determined that a hearing was not required and would be a waste of judicial resources because "the relevancy of the requested documents is readily apparent." The trial court ordered the trustees to comply with the requests for production within thirty days.

## II. Analysis

In their petition for certiorari review, in which the adult children join, the trustees argue that the personal financial information of the adult children is protected by the right to privacy set forth in article I, section 23, of the Florida Constitution. They contend that such information is subject to discovery only if it has been determined to be relevant and that such determination must be made after an evidentiary hearing. The trustees argue that in the absence of any evidence indicating that their personal financial information is relevant to the underlying proceedings, the adult children have a right to keep their personal financial information private.

"A petition for certiorari is appropriate to review a discovery order when the 'order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.' " Winderting Invs., LLC v. Furnell, 144 So. 3d 598, 601-02 (Fla. 2d DCA 2014) (quoting Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995)). An order compelling production of documents containing private financial

-5-

information regarding a nonparty is reviewable by certiorari because the nonparty has no adequate remedy by appeal. Rowe v. Rodriguez-Schmidt, 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012); Borck v. Borck, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005).

"Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure." Rowe, 89 So. 3d at 1103 (quoting Borck, 906 So. 2d at 1211). "This is because 'personal finances are among those private matters kept secret by most people.' " Id. (quoting Woodward v. Berkery, 714 So. 2d 1027, 1035 (Fla. 4th DCA 1998)). Thus, the issue in this case is one of relevancy. "When a judgment creditor seeks to discover the personal financial information of a nonparty, he or she bears the burden of proving that the information sought is relevant or is reasonably calculated to lead to the discovery of admissible evidence." Furnell, 144 So. 3d at 602 (citing Rowe, 89 So. 3d at 1103). Further, the determination of relevancy should generally be made after an evidentiary hearing, due to the "strong public policy underlying this constitutional protection" of private financial information. Rowe, 89 So. 3d at 1103; see also Spry v. Prof'l Emp'r Plans, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) (holding that judge of compensation claims "departed from the essential requirements of law by ordering discovery without considering evidence as to its relevance").

We note that this case involves postjudgment discovery, which is generally broader in scope than prejudgment discovery. See 2245 Venetian Court Bldg. 4, Inc. v. Harrison, 149 So. 3d 1176, 1179 (Fla. 2d DCA 2014). The matters relevant for postjudgment discovery are those that will enable the judgment creditor to collect a debt or those that encompass information identifying or leading to the discovery of assets

available for execution. See id.; Gen. Elec. Capital Corp. v. Nunziata, 124 So. 3d 940, 943 (Fla. 2d DCA 2013). But a proper predicate must be laid before "someone other than the judgment debtor may be required to submit to financial discovery." Furnell, 144 So. 3d at 602 (quoting Nunziata, 124 So. 3d at 943).

In Rowe, the former wife was successful in setting aside the former husband's modification of his child support obligation and she sought attorneys' fees based on her need and the former husband's ability to pay. 89 So. 3d at 1103. In litigating the fee issue, the former husband requested her tax returns for two years. She provided them but "redacted most of the information because the returns were filed jointly with her current husband, a nonparty wanting to protect his financial privacy." Id. The trial court granted a motion to compel filed by the former husband, "finding that the documents were relevant and the nonparty current husband waived his right to privacy." Id.

On certiorari review, this court held that "the trial court departed from the essential requirements of the law because it ordered production of a nonparty's financial information without considering any evidence regarding its relevance." Id. at 1104. No sworn testimony or evidence was admitted at the hearing on the matter, and "the trial court only heard the attorneys' unsworn argument, which does not constitute evidence." Id.

This case is similar to Rowe in that no evidence was offered regarding the relevancy of the adult children's personal financial information. The trial court found that all of the information requested by the former wife was relevant, without making a distinction between the documents relating to the former husband's trust distributions

and the documents relating to the adult children's trust distributions. It is clear from the history of the case that the former husband's financial information is relevant to the relief being sought by the former wife in the underlying postjudgment proceedings; thus, the documents from the two trusts at issue are clearly relevant *to the extent that they relate to the former husband's distributions.* However, the relevancy of the documents relating to the adult children's trust distributions is not obvious, and there was no evidentiary basis for a finding that the information relating to the adult children's distributions is relevant to the financial relief that the former wife is seeking.[3]

We recognize that in certain circumstances, relevancy may be determined without an evidentiary hearing. See Harrison, 149 So. 3d at 1181; Elsner v. E-Commerce Coffee Club, 126 So. 3d 1261 (Fla. 4th DCA 2013). The trial court in this case relied on Elsner in concluding that a hearing was not necessary. In Elsner, the Fourth District rejected the argument that an evidentiary hearing is always required before the trial court orders discovery from a party: "[W]e do not agree that a trial court must always conduct an evidentiary hearing before it may order financial discovery from

_____

[3]This court has previously quashed a discovery order between the parties on the basis that there was no evidence establishing the relevancy of the documents requested. Presley Law & Assocs., P.A. v. Casselberry, 148 So. 3d 144 (Fla. 2d DCA 2014). In relation to the garnishment proceedings and her resulting request for attorneys' fees, the former wife sought discovery of information from attorney Michael Presley (one of the trustees in this case) and his firm. Presley had represented two garnishees, and he sought a protective order to avoid having to turn over his records relating to billing and his representation of those third parties. This court granted certiorari and quashed the order because "no evidence of relevancy was presented to establish how the firm's billing records for representation that is clearly related to the interests of third parties are related to" the former wife's attempt to establish the reasonableness of the amount of fees she sought. Id. at 146 (relying on Rowe, 89 So. 3d at 1104). This court stated that the relevancy of the records should be determined by the trial court. Id.

a party." 126 So. 3d at 1264. But Elsner is distinguishable from the instant case because it involved discovery from a party, whereas the former wife in this case seeks discovery involving nonparties.[4] In Harrison, this court distinguished the cases that require an evidentiary hearing (Rowe and Spry) because those cases involved the personal right to privacy. 149 So. 3d at 1181. But this case is similar to Rowe and Spry, and distinguishable from Harrison, because it involves the personal right to privacy.

Harrison and Elsner are further distinguishable because it was clear from the pleadings in those cases that the information sought was relevant. Harrison, 149 So. 3d at 1181 (holding that trial court's failure to conduct an evidentiary hearing was not reversible error where relevancy was readily apparent from the record); Elsner, 126 So. 3d at 1264 (declining to grant certiorari relief because it was clear from the complaint that there was a "reasonable evidentiary basis for the financial discovery"). Here, as explained in detail below, there is no indication that the trust documents relating to the adult children are relevant to the former wife's attempt to recover money that she is owed by the former husband.

In the factual allegations of her complaint, the former wife alleges that after the final judgment of dissolution was entered, the former husband engaged in a scheme with attorney Michael Presley to protect the former husband's assets. She alleges that the former husband resigned as trustee of the family trusts and that the new trustees "began drastically reducing, at least on the surface, the amount of distributions

---

[4]One of the adult children, Brian Berlinger, was named as a third-party defendant only in his capacity as trustee of one of the trusts.

made" to the former husband. She also alleges that the former husband transferred his two-thirds interest in his real property, the Banyan House, to one of the trusts in an attempt to avoid his alimony obligation and that the home was sold, with the proceeds remaining with the trust.[5] She further avers that a family partnership was set up by the former husband "to fraudulently transfer assets of" the former husband "to intentionally defraud [the former wife] of her right to receive alimony" and that the assets in the partnership were transferred back to the former husband's new wife for the benefit of the former husband. The former wife further alleges that under the asset protection scheme devised by the former husband and his attorney, the former husband receives no direct distributions from the trusts but the trusts continue to pay for his living expenses. In the complaint, the former wife alleges counts of fraudulent transfer against the former husband, the trustees, and Michael Presley individually, and these counts relate to the transfer of the Banyan House. The former wife also alleges a count for equitable lien against the proceeds from the Banyan House and injunctive relief regarding the proceeds.

None of the counts or the other allegations in the complaint make reference to the adult children as beneficiaries of the trusts or how the adult children were involved in or affected by the transfer of the Banyan House or any other asset of the former husband. In addition, the complaint does not allege that the former husband's asset protection scheme or transfer of assets had any effect or influence on the trust distributions for the benefit of the adult children, and it does not allege that the

_____

[5]The transfer of the Banyan House was referenced in one of this court's prior opinions. Berlinger, 133 So. 3d at 962-63.

distributions made to the adult children are being used for the benefit of the former husband. Moreover, the former wife makes no assertion in this certiorari proceeding that the trust distributions to the adult children are in any way connected to the fraudulent transfer of assets by the former husband or to the former husband's trust distributions. Last, the published opinions in the cases between the parties do not indicate any connection between the former husband's trust distributions and the trust distributions made for the benefit of the adult children that would be relevant to the former wife's attempt to collect her alimony.[6] Therefore, there has been no showing that the information relating to the personal financial information of the adult children would identify or lead to the discovery of assets available for execution by the former wife.

The former wife argues that the trustees are not entitled to relief because they did not provide this court with a copy of the transcript of the hearing below. However, it is clear from the trial court's order that the trial court did not conduct an evidentiary hearing on the relevance of the requested documents and that the trial court simply heard the argument of counsel; thus, the lack of transcript is not fatal to the trustees' petition. See SPCA Wildlife Care Ctr. v. Abraham, 75 So. 3d 1271, 1275 (Fla. 4th DCA 2011) ("[A]lthough no transcript has been provided, it is apparent from the language of the trial court's orders that the hearing was non-evidentiary . . . ."); Seal

---

[6]The adult children, as beneficiaries of three of the trusts, have sued Wells Fargo as trustee in federal court for breach of trust and breach of fiduciary duty, and Wells Fargo brought third-party claims against the former husband for contribution and unjust enrichment and against the former wife for unjust enrichment. Berlinger v. Wells Fargo, N.A., Case No: 2:11-cv-459-FtM-29CM, 2015 WL 6125529 (M.D. Fla. Oct. 16, 2015). The federal court issued a lengthy opinion and order ruling on several motions for summary judgment filed by the parties. Id. The opinion gives a detailed account of the trusts at issue in that case as they relate to the former husband, noting that the former husband is the primary beneficiary of the trusts. Id. at *2-*4, *11.

-11-

Prods. v. Mansfield, 705 So. 2d 973, 975 (Fla. 3d DCA 1998) (holding that transcript was not necessary where "the hearing on the motion for summary judgment consists of the legal argument of counsel, not the taking of evidence").

**III. Conclusion**

We conclude that the trial court departed from the essential requirements of law in ordering the disclosure of private financial information relating to the nonparty adult children in the absence of evidence or allegations in the record demonstrating that the information is relevant to the former wife's proceeding. Accordingly, we grant the trustees' petition and quash the order on review.

Petition granted; order quashed.


VILLANTI, C.J., and CASANUEVA, J., Concur.