# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1206
Lower Tribunal No. 19-8921
_____

**Anita Tallo,**
Petitioner,

vs.

**Peter Illes, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Olesia Y. Belchenko, P.A., and Olesia Y. Belchenko, for petitioner.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin H. Brodsky and Robert S. Visca, for respondent Immo-Sonitó Ingatlanberuházázsi Kereskedelmi És Szolgáltató KFT.

Before HENDON, MILLER, and LOBREE, JJ.

PER CURIAM.

Petitioner, the spouse of the judgment debtor and a nonparty to the

proceedings below, seeks certiorari review of an order to show cause as to why she should not be held in contempt of court for failing to furnish certain personal financial information to respondent, the judgment creditor. We grant relief.

In Inglis v. Casselberry, 200 So. 3d 206, 209-10 (Fla. 2d DCA 2016), the Second District Court of Appeal discussed the considerations that must be examined prior to compelling financial disclosure from a nonparty in a postjudgment context:

> "Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure." Rowe, 89 So. 3d at 1103 (quoting Borck, 906 So. 2d at 1211). "This is because 'personal finances are among those private matters kept secret by most people.'" Id. (quoting Woodward v. Berkery, 714 So. 2d 1027, 1035 (Fla. 4th DCA 1998)). Thus, the issue in this case is one of relevancy. "When a judgment creditor seeks to discover the personal financial information of a nonparty, he or she bears the burden of proving that the information sought is relevant or is reasonably calculated to lead to the discovery of admissible evidence." Furnell, 144 So. 3d at 602 (citing Rowe, 89 So. 3d at 1103). Further, the determination of relevancy should generally be made after an evidentiary hearing, due to the "strong public policy underlying this constitutional protection" of private financial information. Rowe, 89 So. 3d at 1103; see also Spry v. Prof'l Emp'r Plans, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) (holding that judge of compensation claims "departed from the essential requirements of law by ordering discovery without considering evidence as to its relevance").
>
> We note that this case involves postjudgment discovery, which is generally broader in scope than prejudgment discovery. See 2245 Venetian Ct. Bldg. 4, Inc. v. Harrison, 149 So. 3d 1176,

1179 (Fla. 2d DCA 2014). The matters relevant for postjudgment discovery are those that will enable the judgment creditor to collect a debt or those that encompass information identifying or leading to the discovery of assets available for execution. See id.; Gen. Elec. Cap. Corp. v. Nunziata, 124 So. 3d 940, 943 (Fla. 2d DCA 2013). But a proper predicate must be laid before "someone other than the judgment debtor may be required to submit to financial discovery." Furnell, 144 So. 3d at 602 (quoting Nunziata, 124 So. 3d at 943).

In the instant case, the trial court compelled financial disclosure in the absence of any such predicate. This was a departure from the essential requirements of law and, because it involved financial discovery, irremediable on appeal. See Mana v. Cho, 147 So. 3d 1098, 1100 (Fla. 3d DCA 2014); Rousso v. Hannon, 146 So. 3d 66, 70 (Fla. 3d DCA 2014); Grabel v. Sterrett, 163 So. 3d 704, 706 (Fla. 4th DCA 2015). In similar circumstances, this court has invalidated contempt orders emanating from such erroneous rulings. See Carrington Mortg. Servs., LLC v. Nicolas, 46 Fla. L. Weekly D2519 (Fla. 3d DCA Nov. 24, 2021); Hudson v. Marin, 259 So. 3d 148, 166 (Fla. 3d DCA 2018); Aurora Bank v. Cimbler, 166 So. 3d 921, 927 n.5 (Fla. 3d DCA 2015); Eubanks v. Agner, 636 So. 2d 596, 597 (Fla. 1st DCA 1994); see also Tsokos v. Sunset Cove Invs., Inc., 936 So. 2d 667, 668 (Fla. 2d DCA 2006). Accordingly, we grant the petition and quash the order under review.

Petition granted.