# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0660
Lower Tribunal No. 24-5211-FC-04

_____

**Maylen Oramas,**
Petitioner,

vs.

**Alejandro Eduardo Pichs Asencio, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Francisco J. Vargas, Esq., P.A., and Francisco J. Vargas; Claudia L. Pernudi, Esq., P.A., and Claudia L. Pernudi, for petitioner.

Miguel San Pedro, for respondent Alejandro Eduardo Pichs Asencio.

Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

Maylen Oramas ("Maternal Aunt"), a non-party, seeks a writ of certiorari to quash an order denying her motion for a protective order to prevent disclosure of financial records pursuant to an amended subpoena duces tecum. We have jurisdiction. Fla. R. App. P. 9.030(b)(2). We grant the petition for writ of certiorari and quash the order denying the Maternal Aunt's motion for a protective order.

## I.

This action arises out of a petition filed by Yailin Oramas ("Mother") in the Family Division,[1] seeking sole parental responsibility of her minor child who is severely autistic and requires special care. In response, the minor child's father, Alejandro Asencio ("Father"), filed a counter-petition seeking shared parental responsibility in all aspects of the minor child's care. The Maternal Aunt has provided childcare to the parties' autistic minor child since 2022.

The Father served the Maternal Aunt, a non-party, with a subpoena duces tecum for deposition seeking all documents and records (including text messages, calendars, etc.), bank statements and tax statements for the years 2021 to the present relating to the Maternal Aunt's care for the minor child.

---

[1] There are two open cases involving these parties. Related case no. 2015-28055-FC04 is in the Child Support Division and the instant case, no. 2024-5211-FC04, is in the Family Division. Child Support Division case no. 2015-28055 involves the Mother's petition for child support. In that case, the Father's current guidelines child support obligation has been established at $1,700.71/month.

The Mother sought a protective order seeking to prohibit the Father from deposing, or requesting any documents from, the Maternal Aunt "on the grounds that discovery targeted at [the Maternal Aunt] is meant to significantly annoy, embarrass or cause undue expense to the Mother while having little or no relevance to the issue of parental responsibility in this case." Alternatively, the Mother requested that discovery be limited to issues relevant to parental responsibility only.

The Family Division court entered an order on the Mother's motion for protective order, allowing the Father to depose the Maternal Aunt. That order, however, limited the deposition to issues relevant to parental responsibility only, and specified that "no questions as to finances shall be permitted as there are no financial issues in this case." It did not address the financial discovery documents that were subpoenaed.

The Maternal Aunt subsequently filed a motion for protective order, asserting that the documents the Father seeks are irrelevant to his child support obligations which were previously determined and were not at issue in this case and the request is overly burdensome, overly broad and infringes on the Maternal Aunt's privacy. The Maternal Aunt further contended that the Family Division's order allowing her deposition also limited the deposition to issues relevant to parental responsibility only, and that "no questions as to finances shall be permitted as there are no financial issues in this case."

At the hearing on the Maternal Aunt's motion, the trial court expressed its concern that child support had not been raised in the pleadings, and the court was unsure that the financial issue was properly before the Family Division, rather than the Child Support Division. It is also apparent from the record that the trial court sought to ascertain the relevance of the Maternal Aunt's finances to the parental responsibility issue, and whether there were less intrusive means of acquiring the information. Nevertheless, the trial court accepted the Father's theory that the Mother is receiving child support for childcare for which she is not paying or properly documenting. The trial court denied the Maternal Aunt's motion for a protective order, concluding the requested financial documents were relevant and there are no other less restrictive means of obtaining the information. This petition followed.

## II.

"Certiorari review of the order denying a protective order is threefold: we must determine whether (1) the trial court departed from the essential requirements of the law, (2) the petitioner will suffer a material injury, and (3) there is no other adequate remedy." Gay v. Gay, 367 So. 3d 1273, 1274 (Fla. 5th DCA 2023). "The last two requirements are often combined into the concept of irreparable harm, which must be found before an appellate court may even consider whether there has been a departure from the essential requirements of the law." Id. at 1274-75 (quoting Holmes Reg'l Med. Ctr., Inc.

4

v. Dumigan, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014)) (internal quotation marks omitted).

An order compelling production of documents containing private financial information regarding a non-party is reviewable by certiorari because the non-party has no adequate remedy by appeal. Rowe v. Rodriguez-Schmidt, 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012); Borck v. Borck, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005); Kauffman v. Duran, 165 So. 3d 805, 806 (Fla. 3d DCA 2015). The production of financial information, by its very nature and without a showing of relevancy to the underlying lawsuit, causes irreparable harm. Rowe, 89 So. 3d at 1103-04. "[T]hird party financial records . . . are of the utmost sensitivity and are not discoverable unless the party seeking discovery establishes a need for the discovery sufficient to overcome the privacy rights of the third party." Rousso v. Hannon, 146 So. 3d 66, 69-70 (Fla. 3d DCA 2014). "This heightened standard is necessary because the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant[.]" Id. at 70 (internal quotations and citation omitted); see also Borck, 906 So. 2d at 1211 ("Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."); Fla. R. Civ. P. 1.280.

Privacy interests may be overcome, and sensitive information produced,

if the information is relevant to the lawsuit. Relevancy is established by the pleadings or evidence. Inglis v. Casselberry, 200 So. 3d 206, 210-11 (Fla. 2d DCA 2016); see also Elsner v. E-Com. Coffee Club, 126 So. 3d 1261, 1264 (Fla. 4th DCA 2013) (finding no departure from the essential requirements of law where the financial information requested was relevant to the issues as framed by the pleadings and the complaint provided a reasonable evidentiary basis for the financial discovery).

### III.

Under the circumstances of this case, the Maternal Aunt has met the initial "irreparable harm" hurdle for certiorari relief. Neither the Father's pleadings nor the record in this case establishes the relevancy of the Maternal Aunt's financial records to the Father's counter-petition for shared parental responsibility. Thus, the Maternal Aunt has shown irreparable harm based on the principle that production of financial information from a non-party, by its very nature and without a showing of relevancy to the underlying lawsuit, causes harm that cannot be remedied on appeal. See Carter v. Carter, 3 So. 3d 397, 398 (Fla. 4th DCA 2009) (holding although personal financial information is subject to discovery when it is relevant, "it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant" (citing Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189 (Fla. 2003))).

6

The burden of proving relevancy of the Maternal Aunt's private financial information is on the Father, the party seeking the information. See Spry v. Pro. Emp. Plans, 985 So. 2d 1187, 1188-89 (Fla. 1st DCA 2008). The Father's pleadings in this case do not mention the Maternal Aunt or his speculation that the Mother and the Maternal Aunt have somehow conspired to misapply his child support payments. The trial court also made no findings to support its conclusion that the requested documents were relevant or unavailable by less intrusive means. "When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party." Rousso, 146 So. 3d at 70 (quoting Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc., 26 So. 3d 620, 622 (Fla. 4th DCA 2009)). None of the issues as framed by the Father's counter-petition are sufficient to justify intrusion into non-party Maternal Aunt's private financial records. Certainly, the current standing order in the Family Division precludes the Father from inquiring into any financial issues and limits his inquiry to issues of parental responsibility only.

Although the Maternal Aunt's showing of irreparable harm is sufficient, we observe that the record also clearly shows that there are less intrusive means available to the Father for obtaining the Mother's records of childcare payments to the Maternal Aunt. See Berkeley v. Eisen, 699 So. 2d 789, 792 (Fla. 4th DCA 1997) ("[M]eans less intrusive than the release of confidential

information should be used where available."). The parties acknowledged, and the record indicates, the Mother already provided check stubs documenting some of her payments to the Maternal Aunt for childcare. Whatever documentation remains outstanding can be sought directly from the Mother.

Accordingly, we grant the petition for writ of certiorari and quash the order denying the Maternal Aunt's motion for a protective order.

Petition granted; order quashed.